UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,                              :

                                                           :        23 Cr. 592 (PAC

     - against -                                          :

                                                             :        **ORDER**

ABDULAI JALLOH,                                        :

       *Defendant.*                                    :

----------------------------------------------------------------------X

PAUL A. CROTTY, United States District Judge:

On January 15, 2024, the parties wrote to the Court regarding discovery in the above captioned case. *See* ECF Nos. 15, 16. The Government reported that it has made (and continues to make) Rule 16(a) discovery available to the defense via a digital file-sharing platform. This discovery includes hundreds of pages of documents, videos, and thousands of pages of data related to a forensic extraction of the Defendant's cellphone. Defendant's attorney, Mr. Siegert, objects to the manner of the Government's production, claiming that he has "never used a computer and [does not] know how to." ECF No. 16, at 1. The Defense avers that because the Government has not produced hard copies, "no discovery has been provided," *id.* at 1, and requests the Court to Order analog discovery pursuant to Federal Rule of Criminal Procedure 16(d), *id.* at 3. For the following reasons, Defendant's request is **DENIED.**

Rule 16 provides what the Government must disclose to a criminal defendant, but does not speak to the particular form of such disclosures. *United States v. Spivak*, 639 F. Supp. 3d 773, 779 (N.D. Ohio 2022) ("Federal law does not presently require that the United States provide discovery in any specific format in a criminal case."). "Such decisions as to the manner of production are left to the discretion of the Court under Rule 16(d)(1)." *United States v.*

*Briggs*, No. 10 Cr. 184S, 2011 WL 4017886, at *5 (W.D.N.Y. Sept. 8, 2011); *see also* Fed. R.

Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery

or inspection, or grant other appropriate relief."). If a party shows "good cause," Fed. R. Crim.

P. 16(d)(1), "the court may, at any time, order that the discovery or inspection be denied,

restricted, or deferred, or 'grant other appropriate relief,'" 2 Charles Alan Wright, et al., Federal

Practice & Procedure Criminal § 262 (4th ed. 2023).

Here, Mr. Siegert has failed to show "good cause" as to why the Government must be

ordered to print thousands of pages of discovery for his review. Mr. Siegert's unilateral choice

to use an "IBM PC-1 device," ECF No. 16 at 1, a computer released over 40 years ago, does not

justify burdening the Government with the obligation of furnishing thousands of pages of printed

documents. Moreover, as the Government notes, some of the discovery contains videos that are

not readily convertible to a non-digital format. It is simply not feasible, or necessary, to require

the Government to incur additional time and expense to satisfy Mr. Siegert's unique preference

for analog production. *See e.g., United States v. Landron-Class*, 705 F. Supp. 2d 154, 161

(D.P.R. 2010) ("The only failure identified by [defendant] . . . is that the government has not

organized this discovery in the manner most convenient for his review. Defendant points to no

case law supporting his claim that the government should perform this work for him, and absent

any case law to the contrary, this Court will not force the government to do so.").

## CONCLUSION

The Defendant's motion for an Order pursuant to Rule 16(d) is **DENIED**. The Court sets

a control date for March 15 2024. The time between January 16 to March 15 2024 is excluded pursuant

to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The ends of justice served by excluding the

time outweigh the interests of the public and the defendant in a speedy trial, as the exclusion will

allow the defendant time to access and review discovery, and the parties an opportunity to discuss a possible pretrial resolution of this case.

Dated: New York, New York          SO ORDERED
      January 23, 2024

*Paul A. Crotty*
_____
HONORABLE PAUL A. CROTTY
United States District Judge